COURT OF APPEALS OF VIRGINIA


Present:   Judges Haley, Millette and Senior Judge Coleman


ESTATE OF JAMES M. SWEENEY,
  THOMAS SWEENEY, AMANDA NICOLE CAVEY
  AND CHELSEA COOPER CAVEY
                                                    MEMORANDUM OPINION*
v.      Record No. 0409-08-2                              PER CURIAM
                                                         JULY 1, 2008
QUALICON CORPORATION AND
  COMMONWEALTH CONTRACTORS GROUP
  SELF-INSURANCE ASSOCIATION/
  LANDIN INCORPORATED


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Gregory O. Harbison; Geoffrey R. McDonald & Associates, on
              brief), for appellants.

              (Daniel E. Lynch; John T. Cornett, Jr.; Daniel E. Lynch &
              Associates, on brief), for appellees.


        James M. Sweeney (deceased), Thomas Sweeney, Amanda Nicole Cavey and Chelsea

Cooper Cavey (hereinafter referred to as "the Estate") appeal a decision of the Workers'

Compensation Commission finding that the deceased's accident did not arise out of his

employment.  We have reviewed the record and the commission's opinion and find that this

appeal is without merit.  Accordingly, we affirm for the reasons stated by the commission in its

final opinion.  See Sweeney v. Qualicon Corp., VWC File No. 224-65-46 (Jan. 22, 2008).  We

dispense with oral argument and summarily affirm because the facts and legal contentions are

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

adequately presented in the materials before the Court and argument would not aid the decisional

process.  See Code § 17.1-403; Rule 5A:27.[1]

Affirmed.

---

[1] We note that contrary to the Estate's contention that the commission erred in finding the deceased died before his accident, a careful reading of the commission's opinion shows it made no such express finding.  Rather, the commission concluded "[t]here is no direct evidence that the [deceased's] loss of consciousness was caused by sipping the coffee nor can we infer that sipping a liquid causes a loss of consciousness."  The commission further found "the evidence fails to establish that the [deceased's] motor vehicle accident was caused by an idiopathic medical condition or that his gagging on coffee caused the accident."  While noting that "[Timothy] Harmon testified that the [deceased] collapsed in his lap before they hit the Jersey wall," the commission concluded "there is no explanation for the loss of consciousness, and it is unclear what caused the accident."